UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Clean Water and Air Legacy, LLC,<br><br>Plaintiff,<br><br>v.<br><br>City of Hinkley, Minnesota,<br><br>Defendant, | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT AND FACTS

1. This is a citizen enforcement action brought to address the City of Hinkley's past and ongoing violations of the federal Clean Water Act, 33 USC § 1251 et. seq. (CWA). In addition to the CWA claims, it includes causes of action sounding in nuisance and negligence.

2. For years, Defendant has polluted the Grindstone River with Nitrogen Ammonia, Phosphorous, Dissolved Oxygen, and Coliform, fecal discharges.

3. According to the Environmental Protection Agency, Defendant has violated its Clean Water Act permit on 185 days since July 31, 2019, has failed to comply with its Clean Water Act permit for 10 out of the last 12 quarters, and is currently in violation of its Clean Water Act Permit.

4. This action seeks relief including, but not necessarily limited to, a declaration that Defendant has and continues to violate the terms of its Clean Water Act National Pollutant Discharge Elimination System (NPDES) permit; an order requiring Defendant to

comply with the Clean Water Act and its NPDES permit; an order assessing the maximum penalties available under the law against Defendant for each day it has and continues to violate the terms of its NPDES permit; an award to Plaintiff of its costs of litigation including reasonable attorney's and expert's fees; damages pursuant to Plaintiff's nuisance and negligence claims, punitive damages, and such other relief as the Court deems appropriate.

## PARTIES

5. Plaintiff is an organization formed for the purpose of advocating for clean waterways and air and the preservation of natural resources by seeking to ensure enforcement of the country's environmental laws.

6. Defendant discharges wastewater directly into the Grindstone River pursuant to the its ("NPDES") permit No. MN-002370.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 33 U.S.C. § 1365(a) and 28 U.S.C. § 1331.

8. Venue lies with this Court under 33 U.S.C. § 1365(c)(1) because the Facility at issue is located in this District.

## DEFENDANT'S POLLUTION AND REPEATED VIOLATIONS OF ITS CLEAN WATER ACT PERMIT

9. Defendant discharges wastewater directly into the Grindstone River pursuant to the its ("NPDES") permit No. MN-002370.

10. The Willard Munger Trail trailhead lies just a few miles to the east of Defendant's wastewater treatment facility and the trail passes over the Grindstone River. The Minnesota Department of Natural Resources describes the Willard Munger trail as follows:

> *The Willard Munger State Trail is a collection of multiple use trails between Hinckley and Duluth. It consists of interconnecting trails offering hiking, bicycling, in-line skating, snowmobiling and horseback riding. It highlights the picturesque scenery and rich history of East Central Minnesota. Some of the trail follows the route of the railroad that saved many lives in the historic Hinckley and Cloquet fires in the nineteenth century.*

11. The Kettle River Scientific and Natural Area lies just a few miles to the west of Defendant's wastewater treatment facility. The Minnesota Department of Natural Resources describes the Kettle River Scientific and Natural Area as follows:

> *This SNA is located along the state-designated Wild and Scenic Kettle River, which forms part of the site's western boundary.*
>
> *Elevation varies across the site by nearly 100 feet, providing a range of growing conditions for native plant communities. In the southern third of the site, floodplain forest is represented by silver maple, black ash, basswood and elm. In contrast, the poorly drained lowlands in the central and northern parts of the site are occupied by sedge meadows, cattail marsh, willow/alder shrub thickets, and mixed woodlands of black spruce, tamarack, yellow birch and balsam fir. Bedrock terraces and well-drained uplands are dominated by aspen-birch forest, with oak savanna and stands of red pine contributing to the mix.*
>
> *Add the Kettle River, two streams (Wilburn and Fox Creeks), and several small lakes occupying former river channels, and it is hard to imagine a more richly diverse example of the state's natural heritage. It is no surprise that this SNA is known for its impressive array of bird species (see bird list), including the Louisiana Waterthrush, a state-listed species of special concern. Rare native plant species documented here include bog bluegrass and American water pennywort.*
>
> *Of special geologic interest is the Douglas Fault, which crosses the SNA enroute from east-central Minnesota to northern Wisconsin. Fracturing and uplift along the fault line has brought bedrock of widely varying ages together, putting 700 million*

*year-old Hinckley Sandstone on a level with ancient basalt of the Chengwatana Volcanics, associated with the 1.1 billion year-old Mid-Continental Rift System.*

12. The Grindstone River flows into the Kettle River just a few miles away from Defendant's wastewater treatment facility.

13. Defendant's NPDES permit strictly limits the amount of allowable pollutants in the Facility's wastewater discharges into the Grindstone River. But despite its strict NPDES permit limits, Defendant has, for years, repeatedly and on an ongoing basis, discharged wastewater directly into the Grindstone River with pollutant levels that violate its NPDES permit limits, which are in turn violations of the Clean Water Act.

## CWA PRE-SUIT NOTICE

14. On November 8, 2021, in accordance with 33 U.S.C. § 1365(b)(1)(A), Plaintiff mailed via certified mail a notice of intent to file suit under the Federal Clean Water Act (60-Day Notice Letter) to the Administrator of the Environmental Protection Agency (EPA), the Regional Administrator of EPA Region 5, the Commissioner of the Minnesota Pollution Control Agency, and to Defendant.

15. The Notice Letter provided Defendant with sufficient information to determine the CWA requirements Plaintiff alleges Defendant violated, the activity alleged to constitute the violations, sufficient information to determine the date, location and person responsible for the violations, and the contact information for Plaintiff and Plaintiff's counsel. Among other things, the Notice letter identified 154 specific days between July 31, 2019, and July 31, 2021, when Defendant had discharged wastewater into the Gladstone River with pollutant levels that violate its NPDES permit limits and exceedance details including the subject outfall, parameter, limit type, percent exceedance,

exceedance counts by pollutant, the number of exceedances, the days with exceedances, and the dates of the exceedances, all as set forth on Exhibit A hereto.

16. The Notice Letter also advised Defendant that EPA records designate the Facility's current CWA compliance status as "Non-compliant" and show that the Facility has been designated as Non-complaint with its CWA permit for 9 of the last 12 quarters.

17. Notably, Defendant committed substantial additional violations since the 60 Day Notice including 31 days with Coliform, fecal discharges in excess of its NPDES permit limits into the Grindstone River. Defendant also claimed following that 60 Day Notice that it was not "required to address the alleged exceedences [sic]" and apparently was simply entitled to ignore federal law if it wished to.

18. 33 U.S.C. § 1319 (g)(6)(B) provides that governmental action cannot bar a CWA citizen suit unless it either was commenced before the 60-day notice letter or the citizen suit is not filed more than 120 days after the 60-day notice letter.

19. Minnesota is a "delegated state" such that the EPA has delegated enforcement authority under the CWA to the MPCA.

20. No enforcement action was commenced before the 60-day notice letter as to the violations identified in the 60-day notice letter.

21. More than 60 days have passed since the 60-day Notice Letter was sent.

22. Less than 120 days have passed since the 60-day Notice Letter was sent and the date this action was filed and therefore commenced.

23. 33 U.S.C. § 1319 (g)(6)(B) therefore bars any effort by Defendant to contend that this action is barred by a diligent prosecution. See e.g., *Black Warrior Riverkeeper, Inc. v. Cherokee Mining*, LLC., 548 F.3d 986 (11th Cir. 2008).

24. As of the date of this filing, according to the Environmental Protection Agency, Defendant has violated its Clean Water Act permit on 185 days since July 31, 2019, has failed to comply with its Clean Water Act permit for 10 out of the last 12 quarters, and is currently in violation of its Clean Water Act Permit.

## STANDING

25. Plaintiff's membership includes at least one individual who resides in the State of Minnesota and has, for years, visited and enjoyed the quietude and natural beauty of the Kettle River Scientific and Natural Area near where the Grindstone River flows into the Kettle River and the Willard Munger Trail in Hinckley where it crosses the Grindstone River. Defendant's repeated unlawful discharges lessen the aesthetic and recreational values of and diminish this person's enjoyment of the Kettle River Scientific and Natural Area and the Willard Munger Trail in Hinckley.

## COUNT I
## THE CLEAN WATER ACT

26. Plaintiff restates and realleges all of the foregoing as if set forth here in full.

27. Congress enacted the Clean Water Act to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." To achieve those goals, the CWA expressly prohibits the "discharge of any pollutant" where such discharges do not comply with the terms of any applicable NPDES permit.

28. Once regulated by an NPDES permit, discharges must strictly comply with all of the terms and conditions of the permit.

29. Violation of the terms or conditions of and NPDES permit is a violation of the Clean Water Act.

30. In addition to specific effluent limitations, the Facility's NPDES permit also requires that the permit holder "shall at all times properly operate" the Facility and in accordance with an asset management program which includes adequate funding, operator staffing and training, rehabilitation and replacement of assets when necessary.

31. Every day that the facility is operated in violation of its NPDES permit is a separate and distinct violation of the permit and the CWA.

32. The CWA authorizes citizens to bring suit against any person who is "alleged to be in violation" of an effluent standard or limitation under the CWA.

33. The CWA provides for appropriate injunctive relief preventing further violations of the Clean Water Act, mandatory civil penalties, declaratory relief, and also allows a prevailing plaintiff to recover costs, including attorneys' and experts' fees associated with a citizen enforcement action.

34. Exhibit A hereto is a list of the NPDES effluent limit exceedances Plaintiff seeks to redress under the CWA in this case.

35. Exhibit A is derived from the Facility's self-reported Discharge Monitoring Reports, as provided to the EPA.

36. Each of the effluent limit exceedances identified on Exhibit A are violations of the Facilities NPDES permit and, in turn, are therefore violations of the CWA.

37. Defendant's violations of its NPDES permit are continuing, ongoing, and recurring. According to the EPA, the Facility's current CWA compliance status is "noncompliance."

## COUNT II
## PUBLIC NUISANCE

38. Plaintiff restates and realleges all of the foregoing as if set forth here in full.

39. Defendant's unlawful discharges "unreasonably annoys, injures or endangers the safety, health, morals, comfort, or repose of any considerable number of members of the public; or interferes with, obstructs, or renders dangerous for passage, any … waters used by the public" and therefore constitutes a public nuisance under Minn. Stat. § 609.74.

40. At least one of Plaintiff's members: has visited the Kettle River Scientific and Natural Area near where the Grindstone River flows into the Kettle River; has visited the Willard Munger Trail in Hinckley where it crosses the Grindstone River; and has suffered damage or injury that is special and different from damage or injury sustained by the general public as a result of Defendant's unlawful pollution. The Kettle River Scientific and Natural Area near where the Grindstone River flows into the Kettle River and the Willard Munger Trail in Hinckley where it crosses the Grindstone River are special places, patronized by at least one of Plaintiff's members for a special purpose, and Defendant's pollution directly and distinctly impacts at least one of Plaintiff's members in a way that is clearly different from the general public.

## COUNT III
## PRIVATE NUISANCE

41. Plaintiff restates and realleges all of the foregoing as if set forth here in full.

42. Private nuisance is defined by Minnesota Stat. § 561.01 as follows:

> Anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, is a nuisance. An action may be brought by any person whose property is injuriously affected or whose personal enjoyment is lessened by the nuisance, and by judgment the nuisance may be enjoined or abated, as well as damages recovered.

43. Defendant's unlawful discharges constitute a private nuisance as defined by Minn. Stat. § 561.01 for which Defendant is liable to Plaintiff for all damages arising therefrom, including compensatory, exemplary, injunctive and punitive relief since Defendant's actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to nominal, compensatory and punitive damages.

## COUNT IV
## NEGLIGENCE

44. Plaintiff restates and realleges all of the foregoing as if set forth here in full.

45. Defendant negligently and improperly constructed, maintained and/or operated the its waste water treatment facility.

46. Defendant's repeated violations of the CWA constitutes negligence per se.

47. A properly constructed, operated, and maintained wastewater treatment plant will not pollute the pristine waters of the Grindstone River in the repeated and ongoing manner described herein.

48.     The conduct of Defendant constitutes gross negligence and reflects a substantial lack of concern for and deliberate indifference to whether an injury resulted to Plaintiff.

49.     Defendant's gross negligence was malicious and made with a wanton or reckless disregard for the safety of Plaintiff, which entitles Plaintiff to an award of nominal, compensatory, exemplary, and punitive relief.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court:

a. Declare Defendant to have violated and to be in violation of the Clean Water Act and the Facility's NPDES permit by committing each of the violations described above, including similar violations that occur after the filing of this Complaint;

b. Determine the number of days of violation committed by Defendant;

c. Order Defendant to comply with the Clean Water Act and Defendant's NPDES permit, and to refrain from further violations of the effluent standards and limitations in the permit;

d. Order Defendant to implement measures to remedy, mitigate, or offset the harm to the environment caused by the violations alleged above;

e. Assess an appropriate civil penalty against Defendant for each day of violation of the Clean Water Act and the NPDES permit, as provided by 33 U.S.C. § 1319(d);

f. Award Plaintiff its costs of litigation (including reasonable attorney and expert witness fees); as provided by 33 U.S.C. § 1365(d);

g. Enjoin Defendant from any further unlawful discharges of pollution into the Root River;

h. Award Plaintiff nominal, compensatory, and punitive damages; and

i. Award such other relief as the Court deems appropriate.

Dated: March 8, 2022

        **THRONDSET MICHENFELDER, LLC**

        By: /s/Patrick Michenfelder
        Patrick W. Michenfelder (#024207X)
        Chad A. Throndset (#0261191)
        Cornerstone Building
        One Central Avenue West, Suite 101
        St. Michael, MN 55376
        Tel: (763) 515-6110
        Fax: (763) 226-2515
        Email: pat@throndsetlaw.com
        Email: chad@throndsetlaw.com
        Attorney for Plaintiff